STATE OF TENNESSEE ex rel. ALBERT WILLIAMS, Commissioner of the Department of Insurance and Banking, State of Tennessee, Appellee,

*v.*

COSMOPOLITAN INSURANCE COMPANY, etc., Appellant.

394 S.W.2d 643.

(*Nashville*, December Term, 1964.)

Opinion filed October 8, 1955.

F. DON WYATT, Fayetteville, HAYWOOD & WHITAKER, Lewisburg, for Carl Wright.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for appellee.

MR. JUSTICE WHITE delivered the opinion of the Court.

Carl Wright, doing business as Ardmore Insurance Agency, Ardmore, Tennessee, was acting as a general agent of Cosmopolitan Insurance Company, a corporation organized and existing under the laws of the State of Illinois with its principal office and place of business in Chicago, Illinois, when, on April 19, 1963, he was notified by wire, by the Director of Insurance of the State of Illinois, that all agents of said insurance company had been enjoined from disposing of the company's assets by the Circuit Court of Cook County, Illinois.

On July 10, 1962 said insurance company was licensed to engage in the insurance business in Tennessee, and was authorized to write automobile liability policies, burglary,

robbery, general liability, workmen's compensation, fire and allied lines and inland marine insurance, and from said date until April 15, 1963, said insurance company was so engaged. On said date Albert Williams, Commissioner of the Department of Insurance and Banking, of the State of Tennessee, pursuant to the statutes, suspended the right of the insurance company, under its certificate of authority, to operate in the State of Tennessee, because it was unable to meet its obligations to its policy holders residing in Tennessee.

By order of the Circuit Court of Cook County, Illinois, dated April 30, 1963, the court found the company insolvent, and that its further transaction of business would be hazardous to its policyholders, its creditors, and to the public; it, therefore, ordered a cessation of the company's business. It was further found that the company was in such condition that it could not meet the requirements for organization and reorganization as required by the law to be maintained, and that it had refused or neglected to pay valid final judgments within thirty days from the rendition thereof.

All creditors and other persons having claims against the insurance company were enjoined and restrained from instituting any suit or proceeding intended for the purpose of obtaining a judgment against the company and from having any execution issued against the company upon any judgment theretofore entered against it. The Director of Insurance of Illinois was ordered to take possession of the company and "rehabilitate" it under the provisions of the Insurance Code of Illinois.

Under date of July 19, 1963, the Commissioner of the Department of Insurance and Banking of the State of Tennessee filed a bill against Cosmopolitan Insurance

Company and set out therein that the Director of Insurance of the State of Illinois had applied to the courts of that state for an injunction prohibiting the agents and all other persons from disposing of the property or assets of said insurance company, and further that on April 30, 1963, the Circuit Court for Cook County, Illinois, entered a judgment and order of rehabilitation authorizing the Director of Insurance of the State of Illinois to take possession of all of the property and assets of the defendant company and to conduct all of its business.

The Commissioner of the Department of Insurance and Banking of Tennessee further averred that the company was unable to meet its obligations to policyholders and claimants in the State of Tennessee and that it would be unduly hazardous to permit it to operate further in the State of Tennessee.

Based upon the bill a writ of injunction was issued by the Chancery Court of Davidson County, Tennessee, on July 19, 1963, restraining the insurance company from further business activities in the State, and from disposing of any of its property located within the confines of the State of Tennessee. Subsequent thereto another order was entered directing the Commissioner of Insurance and Banking to take possession of the company's affairs as of July 31, 1963.

On September 9, 1963, an order of liquidation was entered by the chancellor and all creditors were directed to present their claims to the Deputy Commissioner on or before February 1, 1964. The Honorable Joe W. Henry, Jr. had been appointed a Deputy to the Commissioner of Insurance and Banking of the State of Tennessee to handle the affairs of said insurance company effective September 4, 1963.

Carl Wright, doing business as aforesaid, filed a claim with said Deputy in the amount of $6,233.57. The claim was excepted to and a counterclaim was filed against Wright in the amount of $3,677.03 for premiums collected and unremitted to the insurance company. An answer was filed to the exception setting forth that after the said Carl Wright had been informed of the Commissioner's revocation of the authority of the insurance company to do business in this State on April 15, 1963, that he obtained as substitution, insurance coverage for his Cosmopolitan policyholders with another insurance company on April 28, 1963, at a cost to him of $6,233.57.

The position of the Deputy Commissioner with reference to his counterclaim was that the insurance agency did not cancel any of its policies with the Cosmopolitan Insurance Company and that they remained in effect until the order of liquidation dated September 9, 1963. Upon the final hearing the chancellor held that the Cosmopolitan Insurance Company policies in effect in this State were not canceled until the order of liquidation, dated September 9, 1963, and that Carl Wright, doing business as Ardmore Insurance Agency, could not set off voluntary payments made by him for policyholders against the agency's indebtedness to the insurance company for collected and unremitted premiums.

From this action of the chancellor, the creditor, Carl Wright, appealed and has assigned as error the action of the chancellor in so decreeing. He says that the only matter to be decided by this Court is the date of cancellation of the policies written by the defendant insurance company through the agency of Carl Wright.

Counsel for the Commissioner of Insurance and Banking contends that the cancellation of the insurance poli-

cies written by the Cosmopolitan Insurance Company through the Ardmore Insurance Agency in this State was effective on September 9, 1963, at the time of the chancellor's order of liquidation in the ancillary proceedings before him. It is contended that T.C.A. sec. 56-1313 supports this position, which section provides that the rights and liabilities of the company, an insolvent insurance company, and its creditors, and of its policyholders, stockholders, etc., and all other persons interested in its assets shall, unless otherwise ordered by the court, be fixed as of the date of the entry of the order directing liquidation.

We are asked to determine here at what point the outstanding policies of appellant insurance agent's customers—the policies in the Cosmopolitan Insurance Company—were canceled by operation of law. There are a number of dates between April 15, 1963, and September 9, 1963, on which some court decision or order was rendered, officially announcing or effecting, both in Tennessee and Illinois, the insolvency, rehabilitation, dissolution, receivership, or liquidation of the company. On none of these dates is it indisputably clear that the law acted to cancel all outstanding insurance policies.

The law is clear that where a company ceases to do business because of insolvency, a declaration of that condition is at least one of the touchstones for determining a policy termination date; and the appointment of a receiver is often mentioned in connection therewith. *Gleason v. Prudential Fire Ins. Co.*, 127 Tenn. 8, 151 S.W. 1030 (1912); *National Union Fire Ins. Co. v. Bynum*, 183 Ark. 1100, 40 S.W.2d 446 (1931); *Casteel v. Kentucky Home Life Ins. Co.*, 258 Ky. 304, 79 S.W.2d 941 (1935).

It is quite clear that on a company's insolvency or dissolution, that policyholders are liable to a receiver for earned, but not for unearned, premiums. When an insurance company is adjudicated insolvent and receivers appointed, its right to continue business ceases and all of its outstanding liability is canceled by operation of law, except claims of its policyholders for unearned premiums and cash surrender values of policies. Appleman, Insurance sec. 11070 (1946).

While there is authority to the contrary, the generally recognized rule is that a decree of dissolution or an adjudication of insolvency, coupled with the appointment of a receiver, cancels or terminates outstanding policies by operation of law, and subsequent losses under such policies are not liabilities which may be enforced against the receiver or liquidator. 44 C.J.S. Insurance sec. 129b (1945).

As can be seen, a decree of dissolution or liquidation can also be considered a cancellation point, and, in fact, a decree of insolvency alone may so serve under some authority.

While there are some contrary decisions, the general rule appears to be well established that on the adjudication of insolvency of an insurance company or upon the entry of a decree of dissolution on a ground other than insolvency, the outstanding policies of the company are automatically cancelled, thus precluding any recovery thereon for losses which occur subsequently to such adjudication, except, of course, where the company is rehabilitated under order of court by mutualization, reinsurance, or some other method whereby a liquidation of assets is precluded. 29 Am.Jur., Insurance sec. 119 (1960).

In the instant case, there is no evidence that a rehabilitation was ever accomplished in Illinois, pursuant to the order of April 30, 1963; and, in fact, liquidation was not precluded but was ordered by the Tennessee decree of September 9, 1963.

In *Davis v. Amra Grotto M.O.V.P.E.R.*, 169 Tenn. 564, 89 S.W.2d 754, 106 A.L.R. 1506 (1936), this Court held that since a life insurance policy was terminated on the insolvency and dissolution of the company, the insured was entitled to recover the value of his policy as of the date of insolvency. That date was assumed to be the date on which insolvency proceedings were instituted in a court in the state in which the company was chartered.

We recognize that in cases involving the insolvency of insurance companies, all parties will doubtless benefit by having outstanding policies canceled at the earliest possible time. For the insolvent insurer, the avoidance of loss claims building up—while insolvency is a present but undeclared fact—is perhaps of paramount consideration. As for the insured, the longer he must hold his policy during actual insolvency, the greater the risk of having his claim unsatisfied, of having to compete in state reserve funds with a growing brotherhood of claimants, and of sustaining the added cost of obtaining reinsurance from another company. He can also look forward to the possibility of costly litigation to regain unearned premiums already paid to the insolvent. For the insurance agent or broker, he is under the business obligation of obtaining for his customers substitute insurance with a solvent company, often at his own expense, while at the same time he must still collect and remit premiums on the old policies until insolvency has been decreed.

16

The chancellor's opinion in this cause was that the entry of the order of liquidation on September 9, 1963, automatically canceled all Cosmopolitan policies. This he deemed to be so from the meaning and effect of T.C.A. sec. 56-1313 (1955), which section is as follows:

The rights and liabilities of the company and of its creditors, except those holding contingent claims, and of its policyholders, stockholders or members, and of all other persons interested in its assets, shall, unless otherwise ordered by the court, be fixed as of the date of the entry of the order directing liquidation. The rights of claimants holding contingent claims on said date shall be determined as hereinafter provided.

■ We do not think this statute precludes a finding that there are some rights and liabilities of the company and its policyholders which can be fixed at a date *earlier* than the decree ordering liquidation. There is a similar statute in Illinois, Ill.Rev.Stat. sec. 73-806 (1963), which provides a date for the fixing of the rights and liabilities of the company and its policyholders, but in addition to the date of the order of liquidation, the date of the order of rehabilitation can also be a termination point. Of course, the Illinois statute here is in no way controlling upon Tennessee proceedings involving an Illinois insurance company doing business in this State. We mention it only to observe that the date of the order of rehabilitation in Illinois, April 30, 1963, could well be a proper date for fixing the cancellation of outstanding policies.

■ We are of the opinion that an adjudication of insolvency and an order of rehabilitation, coupled with the appointment of a rehabilitation officer, such as was accomplished by the Illinois decree of April 30, 1963, *is*

the proper date for the cancellation of the policies. Our opinion is buttressed by the fact that the order also restrained the company from further transacting company business and enjoined creditors from instituting claims against the company.

To allow the Illinois declaration of insolvency to serve as the point of cancellation of the outstanding policies perhaps requires us to recognize the judgment of a sister state on the question of insolvency where the only common party in both Illinois and Tennessee is the insurance company itself. Though we find no compulsion under the "Full Faith and Credit" clause of the United States Constitution to recognize this judgment as conclusive on the question of insolvency, or on the facts supporting the order of rehabilitation,[1] we have, nevertheless, the opportunity, if not the duty, to invoke the rule of comity that recognizes such a degree where no parties litigant in our state are substantially prejudiced thereby.

The chancellor's order of liquidation of September 9, 1963, did in fact recognize the Illinois declaration of insolvency as of primary importance in determining the fact for itself.

For the reasons appearing herein, we hold that the date of the cancellation of the policies written by the insurance company through the agency of Carl Wright, doing business as aforesaid, is April 30, 1963, and since the appellant states that this date is the only matter to be decided on this appeal, the chancellor is affirmed in all other respects. The case as thus modified is remanded for such further proceedings as may be necessary and proper, consistent with this opinion.

---

[1] See e. g. Federico Macaroni Mfg. Co. v. Great Western Fire Ins. Co., 173 La. 905, 139 So. 1, 79 A.L.R. 1256 (1931).

The costs of this appeal will be taxed against the funds in the hands of the Liquidator since the holding herein benefits all the creditors of the estate.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.